RANDY S. GROSSMAN
Acting United States Attorney
MELANIE K. PIERSON
Assistant United States Attorney
California Bar No. [atty bar no.]
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-7976
Email: Melanie.Pierson@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. **21cr1463-JLS** |
|---|---|
| Plaintiff, | |
| v. | PLEA AGREEMENT |
| ECO SHIELD, LLC. | |
| Defendant. | |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, Randy S. Grossman, Acting United States Attorney, and Melanie K. Pierson, Assistant United States Attorney, and Defendant ECO SHIELD, LLC, with the advice and consent of Ward Clay, counsel for Defendant, as follows:

I

**THE PLEA**

Defendant agrees to waive Indictment and plead guilty to an Information charging Defendant with:

> *Knowingly effecting the entry of goods and merchandise upon a false classification as to quality and value and by the payment of less than the amount of duty legally due, on or about June 10, 2019, within the Southern District of California, in violation of 18 U.S.C. §§ 541 and 2.*

The Government agrees to (1) defer any other non-tax charges based on the same conduct, and (2) not prosecute Defendant thereafter on such

Plea Agreement                                                                   Def. Initials _____

deferred charges unless Defendant breaches the plea agreement or the guilty plea entered pursuant to this plea agreement is set aside for any reason. If Defendant breaches this agreement or the guilty plea is set aside, section XII below shall apply.

This plea agreement is part of a "package" disposition as set forth in Section VI.E below

## II

## NATURE OF THE OFFENSE

A.  ELEMENTS EXPLAINED

The offense to which Defendant is pleading guilty has the following elements:

1. An employee of the defendant, acting within the scope of the employment for the benefit of the company, knowingly effected the entry of goods or merchandise into the United States; and

2. The employee, acting within the scope of employment for the benefit of the company, knew at the time of entry that the goods were falsely classified as to value and entered by payment of less than the duty legally owed.

B.  ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

    1.    At all times relevant herein, Samir Haj was an owner and manager of Eco Shield, LLC, a company located in San Diego, California.

Def. Initials ___

2. Haj, in San Diego, negotiated an agreement with a foreign exporter that allowed him to import a product called EcoAirDoctor from Japan at a cost of $6.25 per unit. The product was a small badge that was represented to emit a gas that would kill viruses within a certain distance of the badge.

3. Products represented to kill viruses in the environment are regulated by the U.S. Environmental Protection Agency as pesticides, pursuant to Title 7, United States Code, Section 136a.

4. On or about June 10, 2019, Haj, acting within the scope of his employment for the benefit of Eco Shield, LLC, in San Diego, caused the importation of 125,040 units of EcoAirDoctor products, to be delivered to San Diego. On the invoice Haj submitted to U.S. Customs at the time of importation, Haj falsely declared the value of the 125,040 units to be $258,833 (approximately $2.07/unit) knowing the true value was $781,500, and knowing the false declaration as to value resulted in the entry of the goods at less than the duty legally owed. In addition, as Haj was aware, the goods were falsely declared as to quality, described as air purifiers rather than pesticides.

5. The parties agree that the defendant paid $12,971 of duty upon entry of the EcoAirDoctor products, but should have actually paid $46,890, leaving an underpayment of duty of $33,919.

Def. Initials _____

6.  The parties further agree that the defendant obtained $427,689 in proceeds as a result of the offense.

### III

### PENALTIES

The crime to which Defendant is pleading guilty carries the following penalties:

A.  a maximum five years of probation for an organization;

B.  a fine which is the greater of $500,000 or twice the amount of gross gain or loss;

C.  a mandatory special assessment of $400 per count; and

D.  forfeiture of the property which constitutes or is derived from proceeds traceable to the violation;

E.  In addition, Defendant shall be subject to an order of restitution to victims of the offense requiring Defendant to repay such persons at least $86,754.

### IV
### DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives Defendant's right at trial to:

A.  Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B.  A speedy and public trial by jury;

C.  The assistance of counsel at all stages;

D.  Confront and cross-examine adverse witnesses; and

E.  Testify and present evidence and to have witnesses testify on behalf of Defendant.

//
//

4

Def. Initials

## V
## DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over to Defendant. The Government will continue to provide such information establishing the factual innocence of Defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if Defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. By pleading guilty Defendant will not be provided this information, if any, and Defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

## VI
## DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, Defendant may be giving up, and rendered ineligible to receive, valuable government benefits. The conviction in this case may subject Defendant to various collateral consequences, including but not limited to revocation of probation in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw Defendant's guilty plea.

B. No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

C. No one has threatened Defendant or Defendant's owners, officers, managers or employees to induce this guilty plea.

Def. Initials ___

D. Defendant is pleading guilty because Defendant is guilty and for no other reason.

E. The disposition contemplated by this agreement is part of a "package" disposition with codefendant(s) Samir Haj. If any defendant in the package fails to perform or breaches any part of their agreement, no defendant can withdraw their guilty plea, but the Government is relieved from and not bound by any terms in any agreements in the package.

## VII

### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by Defendant.

## VIII

### APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge the presentence report. Nothing in this plea agreement limits the

Def. Initials _SM_

Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

## IX

### SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what Defendant's sentence will be. The Government has not made and will not make any representation about what sentence Defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is not binding on the Court. Any recommendation by the Government at sentencing also is not binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations, Defendant will not withdraw the plea.

## X

### PARTIES' SENTENCING RECOMMENDATIONS

A.  SENTENCING GUIDELINE CALCULATIONS

Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures:

Base Offense Level [§ 2T13.1]                              12

The parties further agree that the defendant has a culpability score of 3, as the company has less than 10 employees and has fully

Def. Initials ___

cooperated in the investigation and clearly demonstrated acceptance of responsibility for the offense.

B.   NO FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553

Defendant may not request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553.

C.   "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

C.   SPECIAL ASSESSMENT/FINE/RESTITUTION/FORFEITURE

1. Special Assessment

The parties will jointly recommend that Defendant pay a special assessment in the amount of $400.00 per felony count of conviction to be paid forthwith at time of sentencing. Special assessments shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

2. Fine

The parties will jointly recommend that Defendant pay a fine at the low end of the applicable guideline range, which the parties agree is $42,000, which the Court shall order payable forthwith.

3. Restitution

The parties will jointly recommend that the defendant pay restitution in the sum of $52.835 for the cost of disposal of the pesticides and $33,919 as repayment of the unpaid duties, for a total

8

Def. Initials _SM_

of $86,754, to be paid forthwith at the time of sentencing, jointly and severally with co-defendant Samir Haj. Defendant agrees and understands that any payment schedule imposed by the Court is without prejudice to the United States to take all actions and take all remedies available to it to collect the full amount of the restitution. Defendant further agrees that notwithstanding any court ordered schedule for payment, the full amount of restitution is due and payable forthwith and delinquent until paid in full.

Defendant agrees that the restitution, restitution judgment, payment provisions, and collection actions of this plea agreement are intended to, and will, survive defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. Defendant further agrees that any restitution collected and/or distributed will survive it, notwithstanding the abatement of any underlying criminal conviction after execution of this agreement.

The restitution described above shall be paid through the Office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

Further, the restitution described above shall be paid to or on behalf of the following agency:

| Victim | Amount |
|---|---|
| NFC Collections Section<br>Attn: DOJ Restitution<br>Re: FP&F 2021250400038901<br>P.O. Box 68907<br>Indianapolis, IN 46268 | $52,835.00 |
| U.S. Customs and Border Protection<br>9945 Customhouse Plaza<br>San Diego, CA 92154 | $33,919 |

Def. Initials

4. <u>Forfeiture</u>

Defendant's conviction will include forfeiture. In addition to the penalties in the plea agreement, federal law states Defendant must forfeit to the United States all property, real and personal, which constitutes or is derived from proceeds obtained directly or indirectly from the offense, jointly and severally with co-defendant Samir Haj.

As part of Defendant's guilty plea to Count 1 of the Information, as set forth in section I of the plea agreement, Defendant agrees to forfeit $427,689 to the United States, which is the proceeds of the offense. Defendant agrees to pay the United States half the forfeited property by way of cashier's check payable to U.S. Customs and Border Protection, with the remainder to paid in equal monthly installments over the period of probation. In the event that Defendant fails to timely pay the $427,689, the United States reserves all remedies available to it, including but not limited to vacating the Plea Agreement and entry of an order of forfeiture for the $427,689 in proceeds and authorization and a finding that the provisions of Title 21, United States Code, Section 853(p) as applicable under Title 18, United States Code, Section 982(b) for the substitution of property exist immediately without the need of further hearings or evidence. In addition, the Government will be authorized to take all collection actions available to it in addition to the substitution of assets.

Defendant admits that $427,689 represents property constituting proceeds or derived from proceeds traceable to a violation of 18 U.S.C. §541 (Entry of Goods Falsely Classified) and is subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. §2461. Defendant further warrants and represents as a material fact

Def. Initials

that all money it pays toward the forfeiture belongs to the organization alone and that no other person or entity has any interest or claim in them.

Defendant consents and agrees to the immediate entry of an order of forfeiture upon entry of the guilty plea. Defendant agrees that upon entry of the order of forfeiture, such order shall be final as to Defendant's interests in the proceeds that it pays to the United States as part of the forfeiture or that are subsequently substituted or collected by the United States as part of the forfeiture. Defendant agrees to immediately withdraw any claims in pending administrative or civil forfeiture proceedings to properties seized in connection with this case that are directly or indirectly related to the criminal conduct. Defendant consents to the forfeiture of all properties seized in connection with this case. Defendant agrees to execute all documents requested by the Government to facilitate or complete the forfeiture process including providing a full and complete financial statement for all assets and liabilities and disclosure of all transfers of property valued at more than $5,000 that occurred after the date the Defendant was charged with criminal violations in this case. The Defendant shall provide the financial statement to the attorney for the United States on the first date scheduled for sentencing if the forfeiture has not been paid on or before that date. Defendant further agrees not to contest, or to assist any other person or entity in contesting, the forfeiture of property seized in connection with this case. Contesting or assisting others in contesting the forfeiture shall constitute a material breach of the plea agreement, relieving the Government of all its obligations under the agreement including but not limited to its

Def. Initials _____

agreement to recommend an adjustment for Acceptance of Responsibility.

Defendant further agrees to waive all constitutional and statutory challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this agreement, including any claim that the forfeiture constitutes an excessive fine or punishment under the United States Constitution. Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States and to testify truthfully in any judicial forfeiture proceeding.

Defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if defendant had survived, and that determination shall be binding upon defendant's successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full. Defendant understands and agrees that interest shall accrue on the $427,689 forfeiture if it does not pay it in full on or before the first date scheduled for sentencing, which interest shall accrue at the federal judgment rate calculated from the date of entry of the order of forfeiture.

D. PROBATION

If the Court imposes a term of probation, Defendant will not seek to reduce or terminate early the term of probation until Defendant has served at least 2/3 of the term of probation and has fully paid and satisfied any special assessments, fine, criminal forfeiture judgment, and restitution judgment.

12

Def. Initials

## XI

### DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence, including any restitution order up to $100,000. This waiver includes, but is not limited to, any argument that the statute of conviction or Defendant's prosecution is unconstitutional and any argument that the facts of this case do not constitute the crime charged. The only exceptions are 1) Defendant may appeal a sentence of a fine above the high end of the guideline range recommended by the Government at sentencing, and 2) Defendant may collaterally attack the conviction or sentence on the basis that Defendant received ineffective assistance of counsel. If Defendant appeals, the Government may support on appeal the sentence or restitution order actually imposed.

## XII

### BREACH OF THE PLEA AGREEMENT

Defendant and Defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if Defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

    1.    Failing to plead guilty pursuant to this agreement;

Def. Initials

2.   Failing to fully accept responsibility;

3.   Failing to appear in court;

4.   Attempting to withdraw the plea;

5.   Failing to abide by any court order related to this case;

6.   Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or

7.   Engaging in additional criminal conduct from the time of arraignment until the time of sentencing.

If Defendant breaches this plea agreement, Defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside Defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for Defendant's breach.

Additionally, if Defendant breaches this plea agreement: (i) any statements made by representatives of the Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are

Def. Initials

admissible against Defendant in any prosecution of, or any action against, Defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the Defendant. Additionally, Defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

## XIII

### CONTENTS AND MODIFICATION OF AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

## XIV

### DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, Defendant certifies that all members of the defendant organization have read it. The members of the defendant organization have discussed the terms of this agreement with defense counsel and fully understands its meaning and effect. The members of the defendant organization have fully discussed with counsel the possible conflicts of interest that might arise as a result of defense counsel representing both Eco Shield LLC and Samir Haj and knowingly

15

Def. Initials

and intelligently waive any potential or actual conflicts of interest, to the full extent permitted by law.

## XV

### DEFENDANT SATISFIED WITH COUNSEL

The members of the defendant organization have consulted with counsel and are satisfied with counsel's representation. This is Defendant's independent opinion, and Defendant's counsel did not advise Defendant about what to say in this regard.

RANDY S. GROSSMAN
Acting United States Attorney

DATED: April 8, 2021

MELANIE K. PIERSON
Assistant U.S. Attorney

DATED: 4-8-21

WARD CLAY
Defense Counsel

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" SECTION ABOVE ARE TRUE.**

DATED: 4-8-21

SAMIR HAJ
For Defendant Eco Shield LLC

16

Def. Initials